NOT FOR PUBLICATION                                                                (Doc. No. 33, 34)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| U.S. CLAIMS | : | |
| Plaintiff, | : | Civil No. 11-02574  (RBK/JS) |
| v. | : | **OPINION** |
| LISA ROSS, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motions of Citibank, N.A. ("Citibank") and Bank of America, N.A. ("BOA") for summary judgment on Count 2 of the complaint of U.S. Claims ("Plaintiff").  Plaintiff claims that Citibank and BOA were negligent in honoring two checks that Plaintiff originally claimed featured forged signatures.  In its most recent filings with the court, however, Plaintiff has admitted facts that undermine its theory of liability against Citibank and BOA and leave no genuine issue of material fact to be decided.  Accordingly, Citibank and BOA's motions for summary judgment are **GRANTED**.

I.   BACKGROUND

Plaintiff has filed this suit to recover money that it claims Texas Attorney Lisa Ross ("Attorney Ross") fraudulently induced them to disburse.  Plaintiff is a pre-settlement service that purchases an interest in claimant's litigation in exchange for money advances pending the outcome of the litigant's claim.  Compl. ¶1.  Plaintiff entered into such an agreement with both Robert Jones and Lorenzo Falls, both of whom were purportedly represented by Attorney Ross

in personal injury claims. Citibank Statement of Undisputed Fact ("SUF"), ¶2-3. Plaintiff alleges that Attorney Ross manufactured documentation to substantiate Mr. Falls' and Mr. Jones' claims. Compl. ¶¶ 6, 14-15. Based on the allegedly false representations of Attorney Ross, Plaintiff advanced checks to Mr. Falls (Check No. 3099) and Mr. Jones (Check No. 2214) for $39,980. Citibank SUF, ¶¶ 4, 8. Both checks were written from Plaintiff's account with Citibank. The check to Mr. Jones was legibly indorsed with the name "Robert Jones." Citibank SUF, ¶ 9. The check to Mr. Falls was legibly indorsed with the name "Lorenzo Falls." BOA SUF, ¶6. Citibank honored both checks and transferred the funds accordingly to BOA. See Citibank, ¶¶ 6, 10.

Plaintiff initially alleged that the signature on each check was forged, which formed the basis of its negligence claim against Citibank and BOA.[1] See Compl. ¶16. Plaintiff has argued that by failing to identify the forged signature, both Citibank and BOA breached their duty of ordinary care to Plaintiff. Compl., Count 2, ¶6. In its most recent filings with the court, however, Plaintiff has changed course and admits that Check No. 3099 was endorsed by Mr. Falls. See Pl. Resp. to BOA SUF, ¶6. Plaintiff also admits that Check No. 3099 contains another signature purported to be that of Attorney Ross. Id. Plaintiff further acknowledges that the check to Mr. Jones was made out to both Mr. Jones and "Lisa Ross and Associates" and "seems to be endorsed by Robert Jones and Ms. Ross." Id. at ¶8. Citibank and BOA have moved for summary judgment on Plaintiff's negligence claim against them, highlighting, among other things, Plaintiff's recent admissions regarding the signatures and payee designations on each check. See Citibank Reply Pl. Opp'n. at 4; BOA Reply Pl. Opp'n at 3.

---

[1] Plaintiff incorrectly pled it was induced to wire funds to Mr. Jones, which were fraudulently sent directly to Attorney Ross. See Compl. ¶18. Discovery revealed that Mr. Jones' money was disbursed via check, not through a wire transfer. Citibank Mot. Summ. Judgment at n.1.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 575 (D.N.J.2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995). The nonmoving party "*may not* rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted)(emphasis added); see Fed.R.Civ.P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857–58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

**III. DISCUSSION**

Plaintiff asserts a negligence claim against Citibank and BOA, alleging that they failed to exercise ordinary care when they honored the checks to Mr. Falls and Mr. Jones. BOA raises the question of which law should govern the Court's analysis. Because the Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, it must apply state substantive law to Plaintiffs' claims. See Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). In this instance, however, a choice of law analysis is unnecessary because the result remains the same, regardless of whether New Jersey or Texas law is applied.

Under New Jersey law, to establish negligence, a plaintiff must prove that the defendant had a duty of care, that the defendant breached the duty of care, and that the breach proximately caused actual damages. Piscitelli v. Classic Residence by Hyatt, 408 N.J.Super. 83, 973 A.2d 948, 965 (App.Div. 2009). Texas law requires satisfaction of a virtually identical standard. See Nabors Drilling, U.S.A. v. Escoto, et. al., 288 S.W.3d 401, 404 (Tex. 2009) ("Negligence actions in Texas require a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach."). Plaintiff simply cannot satisfy this standard.

As BOA correctly identifies in its motion for summary judgment, Plaintiff has not produced any evidence that the checks deposited into Attorney Ross' account were actually forged. See BOA's Mot. For Summ. Judgment at 3. In fact, Plaintiff has now admitted in its opposition to BOA's motion that Mr. Falls signed Check No. 3099. See Pl. Resp. to BOA SUF, ¶6. Plaintiff also admits that Check No. 2214 was made out to both Mr. Jones and "Lisa Ross & Associates" and "seems to be endorsed" by Mr. Jones and Attorney Ross. Id. at ¶8.

Plaintiff has attempted to survive summary judgment by arguing that BOA and Citibank could have potentially breached their duty of care by failing to notice that Mr. Jones and Mr. Falls were not present when the checks were deposited.  See Pl. Opp'n. at 2-3.  While this argument *may* have presented a factual question under different circumstances and given the proper supporting evidence and legal arguments, such is not the case here.  Plaintiff has offered no evidence to support this "bare assertion" and may not rest upon the "mere allegations" of its complaint and opposition.  See Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982)(emphasis added); see Fed.R.Civ.P. 56(e).  There is no genuine issue of material fact in dispute in this case regarding Citibank and BOA's involvement.  Citibank and BOA are entitled to summary judgment in their favor.

## IV.   CONCLUSION

For the foregoing reasons, Citibank and BOA's motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 are GRANTED.  An accompanying Order shall issue today.


Dated: 12/4/2012                                                  /s/ Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge